UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o Perrigo Company,

Plaintiffs,

- against -

EF TRUCKING, LLC; BRINK TRUCK LINES, INC.,

Defendants.

Civil Action No. 11 CV 1395 (HB)

**DEFENDANT BRINK TRUCK LINES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TRANSFER VENUE TO THE WESTERN DISTRICT OF MICHIGAN**

GEORGE W. WRIGHT & ASSOCIATES, LLC
Attorneys for Defendant
BRINK TRUCK LINES, INC.
88 Pine Street, 7th Floor
New York, New York 10005
(201) 342-8884

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| STATEMENT OF FACTS | | 1 |
| GOVERNING STATUTES AND RULES | | 2 |
| LEGAL ARGUMENTS | | 4 |
| POINT I: | STANDARD FOR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION | 4 |
| POINT II: | NEW YORK'S LONG ARM STATUTE DOES NOT PROVIDE JURISDICTION OVER BRINK TRUCK LINES | 5 |
| POINT III: | PLAINTIFF'S ASSERTION OF PERSONAL JURISDICTION OVER BRINK TRUCK LINES DOES NOT COMPORT WITH THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION | 8 |
| POINT IV: | THE VENUE OF THIS ACTION IS INCONVENIENT AND SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF MICHIGAN | 13 |
| CONCLUSION | | 18 |

## TABLE OF AUTHORITIES

**Page**

**CASES**

A.C.K. Sports, Inc. v. Doug Wilson Enterprises, 661 F. Supp. 386 (S.D.N.Y. 1989)........ 6

A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76 (2d Cir. 1993)........ 4

Agency Rent a Car System, Inc. v. Grand Rent a Car Corp., 98 F.3d 25 (2d Cir. 1996)........ 6

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779 (2d Cir. 1999)........ 4

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007)........ 5

Bryant v. Finnish Natl. Airline, 15 N.Y.2d 426........ 7

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174 (1985)........ 8, 9, 10

Cedric Kushner Productions, Ltd. v. Thobela, 1994 U.S. Dist. LEXIS 5247, 1994 WL 163992 (S.D.N.Y. 1994)........ 6

Centennial Ins. Co. v. Burlington Air Exp. Inc., 1998 U.S.Dist. LEXIS 8910, 1998 WL 323486 (S.D.N.Y. 1998)........ 17

Chaiken v. VV Publishing Corp. d/b/a The Village Voice, 119 F.3d 1018 (1996)........ 10, 11

Citigroup, Inc. v. City Holding Co., 97 F.Supp.2d 549 (S.D.N.Y. 2000)........ 15

Continental Grain Co. v. Barge, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)........ 14

Cuccioli v. Jekyll & Hyde Neue Metropol Bremen Theater Produktion GMBH & Co., 150 F. Supp. 2d 566 (S.D.N.Y. 2001)........ 6

Cutco Indus., Inc. v. Naughton, 806 F.2d 361 (2d Cir. 1986)........ 6

Davis v. Quality Carriers, Inc., 2009 U.S. Dist. LEXIS 38893 (D.N.J. 2009)........ 12

Delagi v Volkswagenwerk AG, 29 N.Y.2d 426........ 7

Federal Ins. Co. v. Bax Global, Inc., 2010 U.S.Dist. LEXIS 99177 (E.D.N.Y. 2010)........ 17

Frummer v Hilton Hotels Intl., 19 N.Y.2d 53........ 7

Geller Media Mgmt. v. Beaudreault, 910 F. Supp. 135 (S.D.N.Y. 1996)........ 5

Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228 (1958)........ 8, 9

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868 (1984)........ 8-9

Herbert Ltd. P'ship v. Elec. Arts Inc., 325 F.Supp.2d 282 (S.D.N.Y. 2004)........ 16

International Shoe Company v. Washington, 326 U.S. 310 (1945)........ 10

Keeton v. Hustler, 465 U.S. 770, 104 S.Ct. 1473 (1984)........ 9

Landoil Resources Corp. v Alexander & Alexander Services, Inc., 77 N.Y.2d 28, 563 N.Y.S.2d 739, 565 N.E.2d 488 (1990)........ 7

Landreville v. Joe Brown Co., Inc., No. 06-5568, 2008 U.S. Dist. LEXIS 26405, 2008 Westlaw 910009 (E.D.Pa. 2008)........ 12-13

Laufer v Ostrow, 55 N.Y.2d 305........ 7

Launer v. Buena Vista Winery, Inc., 916 F.Supp. 204 (E.D.N.Y. 1996)........ 14

Lyons v. Swift Transp. Co., 2001 U.S. Dist. LEXIS 15585, 2001 WL 1153001 (E.D. La. 2001)........ 13

Mario Valente Collezioni, Ltd., v. Confezioni Semerano Paolo, S.R.L., 264 F.3d 32 (2d Cir. 2001)........ 9

Maroshek v. East Penn Trucking Co., 1992 U.S. Dist. LEXIS 6203, 1992 WL 101621 (D.D.C. 1992)........ 13

McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 229 N.E.2d 604, 283 N.Y.S.2d 34 (1967)........ 6

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560 (2d Cir. 1996)........ 4,5,8,10,12

N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., 599 F.3d 102 (2d Cir. 2010)........................................................................ 15

Morsy v. Pal-Tech, Inc. 2008 U.S. Dist. LEXIS 59804 (S.D.N.Y. 2008)................ 8

Myers v. Lennar Corp., 2010 U.S.Dist. LEXIS 48130, 2010 WL 1992200 (E.D.N.Y. 2010)........................................................ 16

Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F.Supp.2d 325 (E.D.N.Y. 2006)................................................................... 16

PDK Labs v. Friedlander, 103 F.3d 1105 (2d Cir. 1997)................................ 6

Photoactive Prods., Inc. v. AL-OR Int'l Ltd., 99 F.Supp.2d 281 (E.D.N.Y. 2000)................................................................... 15

Ponte v. Universal City Dev. Partners, Ltd., 2008 U.S. Dist. LEXIS 3527 (S.D.N.Y. 2008)................................................................... 9

Posven v. Liberty Mutual Ins. Co., 303 F.Supp. 2d 391 (S.D.N.Y. 2004)............ 5

Quan v. Computer Sci. Corp., 2008 U.S.Dist. LEXIS 1068, 2008 WL 89679 (E.D.N.Y. 2008)........................................................ 16

Sandstrom v. ChemLawn Corporation, 904 F.2d 83 (1st Cir. 1990).................. 11, 12

Simonson v International Bank, 14 N.Y.2d 281.......................................... 7

Sunward Elecs., Inc. v. McDonald, 362 F.3d 17 (2d Cir. 2004)........................ 5

Tauza v Susquehanna Coal Co., 220 N.Y. 259............................................ 7

Tese-Milner v. DeBeers Centenary, A.G., 613 F. Supp. 2d 404 (S.D.N.Y. 2009)...... 8

Tyler v. Gaines Motor Lines, Inc., 245 F. Supp.2d 730 (D. Md. 2003)............... 13

United States Theatre Corp. v. Gunwyn/Lansburgh Ltd. Partnership, 825 F. Supp. 594 (S.D.N.Y. 1993)........................................................ 4

Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).......... 14

World Skating Fed'n v. Int'l Skating Union, 357 F.Supp. 2d 661 (S.D.N.Y 2005)................................................................... 5

World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 100 S.Ct. 559 (1980)........ 9, 10, 11

**STATUTES**

28 U.S.C. §1391........ 3, 13

28 U.S.C. §1404........ 1,4,14,15,16

49 U.S.C. §13304........ 1, 12, 13

49 U.S.C. §14706........ 15

**COURT RULES**

N.Y. CPLR §301........ 2, 7

N.Y. CPLR §302(a)........ 2-3, 5, 6

**TREATISES**

Siegel, New York Practice §§ 82,83........ 7

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of defendant, BRINK TRUCK LINES, INC. ("BRINK TRUCK LINES") in support of its motion for an Order pursuant to Fed.R.Civ.P. 12(b)(2) dismissing the Complaint against it for lack of personal jurisdiction. Alternatively, BRINK TRUCK LINES moves pursuant to 28 U.S.C. §1404(a) for an Order transferring the venue of this action to the United States District Court for the Western District of Michigan based on *forum non conveniens* as all parties and relevant evidence relating to this action are located in Michigan.

## STATEMENT OF FACTS

BRINK TRUCK LINES is an interstate motor carrier and a Michigan corporation located in Holland, Michigan. All BRINK managers and employees live in Michigan. BRINK has no offices, managers, employees, business agents, representatives, bank accounts or property of any kind in the State of New York. BRINK does not solicit business in New York and does not advertise in any media in New York. Besides handling two (2) or three (3) shipments in or out of New York annually during the last three (3) years, BRINK does not conduct any regular business in or have any regular contact with New York. BRINK has a statutory agent for service of process in New York pursuant to 49 U.S.C. §13304(a).

The interstate shipment that is the subject of this case has no connection to New York. As the Complaint (Doc. 1, ¶7) avers, "This action involves…loss to a shipment … which was received into defendants' custody for intended truck carriage <u>from Martin, Michigan, to San Marcos, Texas</u>…" (emphasis added). The Complaint (Doc. 1, ¶8) further alleges that the loss was caused by BRINK TRUCK LINES' failure to transport the shipment from Michigan to Texas. As an alternative theory, the Complaint (Doc. 1, ¶24) alleges that the loss of the shipment

was caused by BRINK TRUCK LINES' failure to properly arrange for transportation services. None of the transportation services involved in this case, however, were performed in New York or required to be performed here.

The involved shipper and plaintiff's subrogor, Perrigo Company, is a Michigan-based company with its principal place of business located in Allegan, Michigan. Perrigo Company's involved transportation broker or intermediary, Lean Logistics, Inc., is also located in Holland, Michigan. The shipment was not received or hauled by BRINK TRUCK LINES, but was brokered by Brink Total Logistics to another motor carrier, co-defendant EF TRUCKING, LLC, to perform the actual interstate transportation from Michigan to Texas. Brink Total Logistics is licensed by the Federal Motor Carrier Safety Administration as a property broker and located in Holland, Michigan and EF TRUCKING is located in Wyoming, Michigan.

Brink Total Logistics' representatives who were involved in brokering the shipment from Lean Logistics to EF TRUCKING live and work in the Holland, Michigan area and Brink Total Logistics' records pertaining to the shipment are located at its offices in Holland, Michigan. All other business entities and persons that were involved in the relevant shipping transaction are located in Michigan. There are no witnesses, documents or other evidence relevant to this case that are located in New York.

## GOVERNING STATUTUES AND RULES

**N.Y. CPLR § 301. Jurisdiction over persons, property or status**

A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore.

**N.Y. CPLR § 302(a). Personal jurisdiction by acts of non-domiciliaries**

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state...or;
3. commits a tortious act without the state causing injury to person or property within the state . . . if he
   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

**Title 28 U.S.C. §1391. Venue Generally**

(b) a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

**Title 28 U.S.C. §1404. Change of venue**

(a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought.

## LEGAL ARGUMENTS

## POINT I

## STANDARD FOR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A. Plaintiff Has the Burden of Establishing Personal Jurisdiction Over BRINK TRUCK LINES.

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, it is well established that "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999); Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." Metropolitan Life Ins. Co., Id. at 566. Where the parties have conducted discovery on the jurisdictional issue, but no evidentiary hearing has been held, the plaintiff must aver facts that, if credited by the ultimate trier of fact, would establish jurisdiction over the defendant. Id. at 567. "Eventually, personal jurisdiction must be established by a preponderance of the evidence, either at an evidentiary hearing or at trial. But where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993); see also United States Theatre Corp. v. Gunwyn/Lansburgh Ltd. Partnership, 825 F. Supp. 594, 595 (S.D.N.Y. 1993). In the instant action, the parties have not conducted discovery relating to the question of jurisdiction over BRINK TRUCK LINES. However, BRINK has submitted an Affidavit supporting its jurisdictional arguments.

**B. Plaintiff Must Establish Personal Jurisdiction Over BRINK TRUCK LINES Under New York's Long Arm Statute and the United States Constitution.**

"Absent a specific [federal] grant of jurisdiction, the reach of a federal district court's personal jurisdiction is coterminous with that of the personal jurisdiction of a court of general jurisdiction in the state in which the court sits." World Skating Fed'n v. Int'l Skating Union, 357 F.Supp. 2d 661, 665 (S.D.N.Y 2005); Geller Media Mgmt. v. Beaudreault, 910 F. Supp. 135, 137 (S.D.N.Y. 1996). Federal law is relevant "only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." Metropolitan Life Ins. Co., supra at 567.

Thus, to determine personal jurisdiction over a non-domiciliary in a New York federal court involving a federal question or based on diversity, the Court must engage in a two-step analysis. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 243-244 (2d Cir. 2007). First, the Court applies New York's long-arm statute. Id. at 244; Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004); Posven v. Liberty Mutual Ins. Co., 303 F.Supp. 2d 391, 396 (S.D.N.Y. 2004). Second, if New York law provides for personal jurisdiction, the Court must determine whether the exercise of jurisdiction comports with the Due Process Clause of the United States Constitution. Posven, supra at 396.

## POINT II

## NEW YORK'S LONG ARM STATUTE DOES NOT PROVIDE JURISDICTION OVER BRINK TRUCK LINES

**A. There is No Specific Jurisdiction Under CPLR Sec. 302 (a)(1).**

New York CPLR Section 302(a) defines the circumstances under which specific jurisdiction may be exercised over foreign corporations. As Section 302(a)(2) [jurisdiction for tortious acts within New York], and Section (a)(3) [jurisdiction over tortious acts outside New York

resulting in damage to person or property within New York] are clearly inapplicable here, jurisdiction over BRINK TRUCK LINES must arise under Section 302(a)(1).

CPLR Section 302 (a)(1) gives a court specific jurisdiction over a non-domiciliary who, in person or through an agent, "transacts any business within the state." NY CPLR Section 302(a)(1) (McKinney's 2001). Under Section 302(a)(1), jurisdiction is proper when: (1) the defendant has transacted business in New York; and (2) the cause of action arises out of the subject matter of the transacted business. Id.; Cutco Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). A non-domiciliary transacts business under Section 302(a)(1) when he "purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." Cutco Indus., supra at 365 [quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382, 229 N.E.2d 604, 283 N.Y.S.2d 34, 37-38 (1967)]. Courts look to the totality of the circumstances to determine whether the defendant has engaged in purposeful activity and require a "substantial nexus" between the business transacted and the plaintiff's cause of action. PDK Labs v. Friedlander, 103 F.3d 1105, 1109 (2d Cir. 1997); Agency Rent a Car System, Inc. v. Grand Rent a Car Corp., 98 F.3d 25, 29-31 (2d Cir. 1996); Cutco Indus., supra at 365; Cedric Kushner Productions, Ltd. v. Thobela, 1994 U.S. Dist. LEXIS 5247, 1994 WL 163992 at *2 (S.D.N.Y. 1994).

In a breach of contract case, the central question is "whether the defendant has performed purposeful acts in New York in relation to the contract." Cedric Kushner Productions, Id. [quoting A.C.K. Sports, Inc. v. Doug Wilson Enterprises, 661 F. Supp. 386, 390 (S.D.N.Y. 1989)]. New York's provision for specific jurisdiction under Section 302 does not extend as far as the U.S. Constitution permits. Cuccioli v. Jekyll & Hyde Neue Metropol Bremen Theater Produktion GMBH & Co., 150 F. Supp. 2d 566, 572 (S.D.N.Y. 2001).

In the instant action, there is no evidence or even an allegation that (1) BRINK TRUCK LINES has transacted business in New York or (2) the cause of action arises out of the subject matter of any business transacted here. As set forth in the Statement of Facts above, it is undisputed that plaintiff alleges loss of goods being transported from Michigan to Texas, a shipment with no connection to New York whatever.

**B. There is No General Jurisdiction Under CPLR Section 301.**

In Landoil Resources Corp. v Alexander & Alexander Services, Inc., 77 N.Y.2d 28, 563 N.Y.S.2d 739, 565 N.E.2d 488 (1990), the New York Court of Appeals summarized New York law with respect to personal jurisdiction over foreign corporations under CPLR Section 301.

> A foreign corporation is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted [Laufer v Ostrow, 55 NY2d 305, 309-310; Frummer v Hilton Hotels Intl., 19 NY2d 53, 536; Simonson v International Bank, 14 N.Y.2d 281, 285; accord, Delagi v Volkswagenwerk AG, 29 N.Y.2d 426, 430-431]. The test for 'doing business' is a 'simple [and] pragmatic one,' which varies in its application depending on the particular facts of each case [see, Bryant v. Finnish Natl. Airline, 15 NY2d 426, 432; see generally, Siegel, NY Prac §§ 82,83]. The court must be able to say from facts that the corporation is 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity' [Tauza v Susquehanna Coal Co., 220 NY 259,267; see also, Laufer v Ostrow, 55 N.Y.2d 305, 310, supra].
> 77 N.Y.2d at 33.

BRINK TRUCK LINES is not "present" in New York with any measure of permanence or continuity. It is a Michigan corporation located in Holland, Michigan. All BRINK managers and employees live in Michigan. BRINK has no offices, managers, employees, business agents, representatives, bank accounts or property of any kind in the State of New York. BRINK

does not solicit business in New York and does not advertise in any media in New York. BRINK does not conduct any regular business in or have any regular contact with New York. In short, plaintiff cannot establish personal jurisdiction over BRINK under New York's long arm statutes.

## POINT III

## PLAINTIFF'S ASSERTION OF PERSONAL JURISDICTION OVER BRINK TRUCK LINES DOES NOT COMPORT WITH THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION

Defendant BRINK TRUCK LINES moves pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss the Complaint for lack of personal jurisdiction. The Fourteenth Amendment to the United States Constitution permits a state to exercise personal jurisdiction over an out-of-state defendant only if "the defendant purposefully avails itself of the privilege of conducting business within the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174 (1985) [quoting Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228 (1958)]. It is the plaintiff's burden to prove that the defendant has purposefully availed itself of the forum state. Metropolitan Life Ins. Co. v. Robertson-CECO Corp., 84 F.3d 560, 566 (2nd Cir. 1996); Tese-Milner v. DeBeers Centenary, A.G., 613 F. Supp. 2d 404, 409 (S.D.N.Y. 2009).

### A. Specific Jurisdiction.

To prove that a defendant has purposefully availed itself of the forum, a plaintiff may rely on the defendant's specific contacts with the forum state. Personal jurisdiction based on such contacts is known as specific jurisdiction. Metropolitan, supra, at 567-568; Morsy v. Pal-Tech, Inc. 2008 U.S. Dist. LEXIS 59804, *11 (S.D.N.Y. 2008). Specific jurisdiction is invoked where a claim is related to or arises out of the defendant's contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868 (1984); Morsy, supra at

*10. A court must first determine whether the defendant had minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559 (1980). What constitutes minimum contacts varies with the "quality and nature of defendant's activity." Hanson, 357 U.S. at 253.

In assessing the sufficiency of minimum contacts for personal jurisdiction, the Court should focus on the "relationship between the defendant, the forum and the litigation." Keeton v. Hustler, 465 U.S. 770, 104 S.Ct. 1473 (1984). Otherwise stated, there must be at least "a single deliberate contact" with the forum state that relates to the cause of action. Ponte v. Universal City Dev. Partners, Ltd., 2008 U.S. Dist. LEXIS 3527, *17 (S.D.N.Y. 2008). The unilateral acts of the plaintiff, however, will not amount to minimum contacts. Helicopteros, 466 U.S. at 414; Hanson, 357 U.S. at 253. "The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated,' contacts, or of the 'unilateral activity of another person.'" Id., [quoting Burger King, 471 U.S. at 474, 105 S.Ct. at 2183].

To establish specific jurisdiction over BRINK TRUCK LINES, plaintiff must show that its cause of action directly relates to BRINK's contacts with New York and that BRINK purposefully and voluntarily established such contacts with New York. Mario Valente Collezioni, Ltd., v. Confezioni Semerano Paolo, S.R.L., 264 F.3d 32, 38 (2d Cir. 2001). Sporadic contacts between the nonresident defendant and the forum state may suffice if the plaintiff's cause of action arises out of or relates to the defendant's contacts with the forum state. Helicopteros, 466 U.S. at 414.

Assuming minimum contacts have been established, a court may inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King Corporation v. Rudzewicz, 471 U.S. 462, 476 (1985) [quoting International Shoe Company v. Washington, 326 U.S. 310, 320 (1945)]; Metropolitan Life Ins. Co. v. Robertson-CECO Corp., 84 F.3d 560, 568 (2nd Cir. 1996).

For personal jurisdiction to comport with "fair play and substantial justice, "it must be reasonable to require the defendant to defend the suit in the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). To determine reasonableness, a court should consider the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the several States to further their substantive social policies. Id.

**B. General Jurisdiction.**

If the plaintiff cannot establish specific jurisdictional facts, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic contacts" with the forum state. Helicopteros, 466 U.S. at 416. To establish general jurisdiction, the plaintiff must show "the more stringent minimum contacts test" between the defendant and the forum state. Metropolitan, supra at 568; Chaiken v. VV Publishing Corp. d/b/a The Village Voice, 119 F.3d 1018 (1996). The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiff. Id. at 566.

The Michigan-Texas shipment at issue and BRINK TRUCK LINES' unrelated, negligible contacts with New York do not support either specific or general personal jurisdiction over BRINK in this action.

**C. BRINK TRUCK LINES' Lack of Contacts With New York Renders Jurisdiction Over It Unfair.**

As set forth in the Supporting Affidavit of Les Brink on behalf of BRINK TRUCK LINES, defendant is a Michigan corporation and motor carrier with its principal office in Holland, Michigan. BRINK has no offices, managers, employees, business agents, representatives, bank accounts or property of any kind in New York. BRINK does not solicit business of any kind in New York and does not advertise in any media in New York. BRINK does not have any regular business in or contact with the State of New York.

BRINK TRUCK LINES' contact with New York must be such that it "should reasonably anticipate being haled into court" here in the event of a dispute. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 297. Chaiken, supra at 25. BRINK, however, has no regular business presence in New York and the subject shipment had no connection to New York. Thus, BRINK could not reasonably expect to have to defend itself in a New York court for the alleged loss of the shipment under the facts at bar.

**D. BRINK TRUCK LINES' Mere Designation of an Agent for Service of Process in New York is Insufficient to Support Personal Jurisdiction.**

BRINK TRUCK LINES' mere designation of a statutory process agent in New York does not amount to conducting business here. The preparation to do business in New York at some indeterminate future date, without more, is not the same as actually doing business in the forum state. Sandstrom v. ChemLawn Corporation, 904 F.2d 83, 89 (1st Cir. 1990) [a mere license to do business and designation of agent for service of process within a forum state is insufficient to confer general personal jurisdiction]. The Complaint (Doc.1, ¶6) acknowledges that BRINK's only connection with New York is its designation of an agent for service in

accordance with 49 U.S.C. §13304(a). Such limited contact alone is insufficient to establish personal jurisdiction over BRINK in New York.

In Metropolitan Life Insurance Company v. Robertson-CECO Corp., 84 F.3d 560 (2nd Cir. 1996), the Second Circuit, consistent with Sandstrom, supra, held, "There is no talismanic significance to any one contact or set of contacts that a defendant may have within the forum state; courts should assess the defendant's contacts as a whole (emphasis in original). Id. at 570-571.

In Davis v. Quality Carriers, Inc., 2009 U.S. Dist. LEXIS 38893 (D.N.J. 2009), the New Jersey District Court held in an analogous case:

> Nothing in the language of § 13304 or the applicable USDOT regulations even suggests that a motor carrier or other covered entity submits to the jurisdiction of each state in which it designates an agent for service of process. The statute establishes a system in which interstate motor carriers, which by their nature may not have an accessible presence in a particular state through which they have traveled, can be served with process relatively easily [citation omitted]. It protects the public by allowing an individual to pursue legal recovery against a motor carrier without the potentially burdensome task of finding the person on whom service of process may hale the interstate motor carrier into court. This advantage to the public does not obviate the basic due process requirement of "fair warning that a particular activity" may subject the motor carrier to one state's jurisdiction [citation omitted]. The statute and its regulations, which are completely silent on the matter of personal jurisdiction, certainly give no warning. The absence of consent to personal jurisdiction is, moreover, underscored in a case such as this one, in which Bourassa designated a national agent to accept service of process for actions in all fifty states. Personal jurisdiction over a defendant must be established with regard to a particular forum state, in this case New Jersey, not with regard to the United States generally.

Other cases have similarly held that merely appointing a process agent in a particular state does not amount to a consent to jurisdiction there under all circumstances. See, Landreville v.

Joe Brown Co., Inc., No. 06-5568, 2008 U.S. Dist. LEXIS 26405, 2008 Westlaw 910009, at * 4 (E.D.Pa. 2008) [designation of national agent for service of process in compliance with Motor Carrier Act does not establish personal jurisdiction in any particular state]; Tyler v. Gaines Motor Lines, Inc., 245 F. Supp.2d 730, 732 (D. Md. 2003) [rejecting argument that designation of process agent pursuant to 49 U.S.C. § 13304(a) was consent to personal jurisdiction]; Lyons v. Swift Transp. Co., 2001 U.S. Dist. LEXIS 15585, 2001 WL 1153001, at *5-*7 (E.D. La. 2001); Maroshek v. East Penn Trucking Co., 1992 U.S. Dist. LEXIS 6203, 1992 WL 101621, at *1 (D.D.C. 1992) [designation of an agent pursuant to 49 U.S.C. § 13304 insufficient to satisfy District of Columbia long-arm statute].

BRINK TRUCK LINES respectfully submits that its designation of a New York agent for service of process, without more, does not confer personal jurisdiction over BRINK in this Honorable Court.

## POINT IV

## THE VENUE OF THIS ACTION IS INCONVENIENT AND SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF MICHIGAN

Title 28 U.S.C. §1391 provides:

> (b) a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

None of the events relevant to this action occurred in New York and none of the defendants are present here.

Motions to transfer venue are governed by 28 U.S.C. §1404(a) which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought.

The purpose of Section 1404(a) "is to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense...'" Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) [quoting Continental Grain Co. v. Barge, 364 U.S. 19, 27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)].

The New York District Courts follow a two-pronged inquiry to decide whether to grant a Section 1404(a) motion to transfer. Launer v. Buena Vista Winery, Inc., 916 F.Supp. 204, 212 (E.D.N.Y. 1996). "The first inquiry is whether the action sought to be transferred is one that might have been brought in the district court in which the moving party seeks to have the case litigated." Id. at 212-13. The second inquiry asks "whether the 'convenience of the parties and witnesses' and the 'interest of justice' favor transfer." Id. at 213. Factors that may be considered in deciding the second prong include:

> (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally, (10) the Court should also consider how best to serve the interests of justice, based on an assessment of the totality of material circumstances.

Photoactive Prods., Inc. v. AL-OR Int'l Ltd., 99 F.Supp.2d 281, 291-92 (E.D.N.Y. 2000). "[T]here is no rigid formula for balancing these factors and no single one of them is determinative." Citigroup, Inc. v. City Holding Co., 97 F.Supp.2d 549, 561 (S.D.N.Y. 2000). The moving party bears the burden to make a clear and convincing showing that a transfer is appropriate. N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., 599 F.3d 102, 114 (2d Cir. 2010).

**A. This Action Could Have Been Brought in the Western District of Michigan.**

Applying the first prong of the Section 1404(a) venue inquiry, this action could have been brought in the Western District of Michigan under the Carmack Amendment's special venue provision. Thus, venue is proper in Michigan.

The Carmack Amendment imposes liability on motor carriers for property damage and loss during interstate transportation. 49 U.S.C. §14706(a)(1). Under Carmack, the shipper or "the person entitled to recovery under the bill of lading," can bring suit "for the actual loss or injury to the property caused by … the delivering carrier…." Id. The statute defines the "delivering carrier" as "the carrier performing the line-haul transportation nearest the destination..." Id.

The Carmack Amendment has a special venue provision governing suit against the delivering carrier which recites that "[a] civil action … may be brought against a delivering carrier in a district court of the United States … Trial … is in a judicial district … in a State through which the defendant carrier operates." Section 14706(d)(1). Co-defendant EF TRUCKING is the motor carrier that was required to deliver the shipment in Texas and is

located in and operates in Michigan. Therefore, this action could have been brought in Michigan.

**B. Convenience Factors Under a Section 1404(a) Motion to Transfer.**

The second step of the Section 1404(a) venue inquiry is a balancing of the ten (10) convenience factors listed above. The factors relevant to this motion are the following:

**(1) Plaintiffs' Choice of Forum.**

"Generally speaking, plaintiff's choice of forum is entitled to substantial weight and will not be disturbed lightly." Myers v. Lennar Corp., 2010 U.S.Dist. LEXIS 48130, 2010 WL 1992200, at *3 (E.D.N.Y. 2010). However, a plaintiff's choice is accorded less deference "where the plaintiff does not reside in the chosen forum or where there is little connection between that forum and the circumstances at issue in the litigation." Quan v. Computer Sci. Corp., 2008 U.S.Dist. LEXIS 1068, 2008 WL 89679, at *3 (E.D.N.Y. 2008). New York has no nexus to the subject shipment and no knowledgeable witnesses are located here. Consequently, plaintiff's choice of a New York forum should not be given substantial weight.

**(2) Convenience and Attendance of the Witnesses.**

"The convenience of the witnesses is probably the single most important factor in the transfer analysis." Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F.Supp.2d 325, 329 (E.D.N.Y. 2006). "When assessing the convenience of witnesses, a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." Herbert Ltd. P'ship v. Elec. Arts Inc., 325 F.Supp.2d 282, 286 (S.D.N.Y. 2004).

BRINK TRUCK LINES respectfully submits that the Court should consider which witnesses are likely to offer material testimony in this case. The likely witnesses include representatives of: (1) plaintiff's subrogor, Perrigo Company, (2) Perrigo's transportation intermediary Lean Logistics, (3) Brink Total Logistics and (4) EF TRUCKING. All of these entities and their knowledgeable representatives are located in western Michigan.

**(3) Convenience of the Parties.**

In view of the fact that all parties actually involved in the shipment are located in western Michigan, it is indisputable that the convenience factor militates overwhelmingly in favor of a Michigan venue and against a New York venue.

**(4) The Locus of Operative Facts.**

As discussed above, this factor weighs in favor of a transfer to the Western District of Michigan. See, Federal Ins. Co. v. Bax Global, Inc., 2010 U.S.Dist. LEXIS 99177 (E.D.N.Y. 2010) [granting motion to transfer venue from the Eastern District of New York to the Southern District of California where the shipment originated in California for transportation to Georgia]; Centennial Ins. Co. v. Burlington Air Exp. Inc., 1998 U.S.Dist. LEXIS 8910, 1998 WL 323486, at *3 (S.D.N.Y. 1998) [granting motion to transfer venue from the Southern District of New York to the Western District of Tennessee where the shipment did not transit through New York and originated in Memphis].

**(5) Forum Familiar with Substantive Law.**

This action involves an interstate shipment transported from Michigan to Texas. Therefore, the action is governed exclusively by federal law, namely the Carmack Amendment, and not any state law. Accordingly, this factor should not be accorded significant weight. Bax Global, supra at *7.

The relevant contract of carriage was made in Michigan where all of the involved parties to this action are located. All original documents pertaining to the subject shipment are located in Michigan. There are no original documents located in New York pertaining to the subject shipment and none of the relevant events occurred in or near New York. All events giving rise to this action occurred in Michigan and all known original documents and knowledgeable witnesses are also located in Michigan.

In sum, there is no meaningful nexus between New York and this action. Moreover, New York does not have an interest in adjudicating this matter. Therefore, the convenience of the parties and witnesses and the interest of justice strongly warrant transfer of this action to the Western District of Michigan. In view of the legal standards governing venue transfer and in the interest of justice, BRINK TRUCK LINES' motion to transfer venue to the Western District of Michigan should be granted.

**CONCLUSION**

Based on the foregoing, it is respectfully submitted that BRINK TRUCK LINES' motion pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss the Complaint for lack of personal jurisdiction should be granted. Alternatively, the venue of this action should be transferred to the United States District Court for the Western District of Michigan.

Respectfully submitted,

By: George W. Wright
GEORGE W. WRIGHT